UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:03-CR-64-KKC

UNITED STATES OF AMERICA                                                                   PLAINTIFF

V.                                    RECOMMENDED DISPOSITION

PHILLIP TURNER                                                                                    DEFENDANT

\* \* \* \* \*

The Court, on referral, *see* DE# 32, considers alleged supervised release violations by Defendant Phillip Turner. The USPO secured a warrant from the District Court following submission of an October 15, 2007 Supervised Release Violation Report. The United States Marshal ultimately arrested Defendant on that warrant on or about November 15, 2007. Following a continuance request by retained defense counsel, Defendant first appeared in this District for proceedings under Rule 32.1 on November 20, 2007.

At a subsequent hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to the violations alleged by the USPO, after the Court afforded Defendant all rights due under Rule 32.1 and 18 U.S.C. § 3583.[1] *See* DE## 36 & 37. The USPO alleged that

---

[1]

The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE# 37. The Court thus conducted a final hearing. Defendant competently stipulated, and the Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed Defendant of his right of allocution before the District Court, and the Court did hear from Defendant himself prior to announcing a recommendation.

At the initial appearance, the Court detained Defendant, pending final disposition, under Rule 32.1(a)(6). The United States sought detention, and in the Court's assessment, Turner failed to carry his heavy release burden under said rule and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that he would not flee or

Turner had violated two release conditions by a) engaging in criminal conduct and b) unlawfully possessing controlled substances. Specifically, and based on an underlying UNITE investigation, the USPO charged that Turner thrice sold oxycontin to a cooperating witness.[2] UNITE captured the controlled buys on audio and/or video. Under oath, Turner admitted to the conduct as alleged by the Supervised Release Violation Report.

Notably, Defendant currently is on supervised release for trafficking offenses. On February 19, 2004, the District Court sentenced Turner to 30 (thirty) months of imprisonment and 3 (three) years of supervised release following convictions for methadone distribution and possession of oxycontin and methadone with intent to distribute. *See* DE# 22 Judgment. According to the PIR for that sentencing, Turner also has a prior (2001) state misdemeanor conviction for promoting contraband, which related to introducing oxycontin to an inmate at the Perry County Detention Center.

The defense presentation and record indicate that Turner had a good employment history prior to his involvement with drugs. He also obviously has a strong and supportive family. Turner indicates that addiction is the key to his past and current problems, and he expressed remorse and took responsibility at the final hearing.

The Court has evaluated the full record, including the release violation documents and materials from the underlying criminal judgment in this District. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

---

pose a danger if released.

[2] The events occurred on August 20, August 22, and August 24, 2007. On each occasion, Turner sold the cooperating witness one oxycontin tablet for $110.00.

Under § 3583, a defendant's maximum penalty for a supervised release violation[3] hinges on the gravity of the underlying offense of conviction. The 21 U.S.C. § 841(a)(1) convictions before the District Court were Class C felonies, *see* § 3559(a)(3), and the maximum provided under § 3583 therefore is 2 (two) years of imprisonment. The Policy Statements in Chapter 7 of the Guidelines provide ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. Under § 7B1.1(a)(1), the nature of Defendant's admitted conduct would qualify the trafficking as a Grade A violation, because OC distribution would be a defined "controlled substance offense" and/or a felony punishable by a prison term exceeding twenty years. *See id.;* 21 U.S.C. § 841(b)(1)(C)(imposing 30 year max on defendant trafficking in Schedule II controlled substance with prior drug felony on record). With a criminal history category of II (the category at the time of the conviction in this District) and a Grade A violation, Defendant's range, under the Revocation Table, is 15-21 months. Supervised release may follow, with a maximum on this record of 36 months (less any period of incarceration actually imposed on the violation). *See* 18 U.S.C. § 3583(b) & (h).

The United States recommended imprisonment at the top of the suggested Guidelines range, 21 months. The United States also requested continued supervision following that term. Turner sought leniency, blaming his problems on addiction as a daily struggle. Counsel argued that Defendant acted not for profit but rather only to support the addiction. Counsel also argued that

---

[3] The proof standard is a preponderance of the evidence, *see* § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence obviously satisfy.

Turner is taking responsibility, needs treatment, and has a redeeming employment and family record. Defendant apologized for his "terrible choice" and claimed, this time, to have learned his lesson.

The offenses at issue, established by stipulation, are particularly disturbing because they represent the latest in a series of trafficking offenses by Defendant. All of his convictions have involved, to some degree, oxycontin trafficking, and the prior punishment (and treatment) plainly have failed to produce the intended result. Further, Turner did not engage in only one bad choice; he separately distributed OC on three occasions in August of 2007. Turner's personal history, and the events at issue, indicate the need for additional significant corrective efforts.

Deterrence and public protection values both apply. The conduct by Turner has breached the District Court's trust, and contributes to creating the same societal dangers Defendant now relies on in mitigation. The specific recidivism demonstrates that Defendant poses a threat from which the public needs protection. The Guidelines range and violation character reflect the gravity of the behavior, as does the revocation mandate in § 3583. A significant sentence will, the Court hopes, awaken in Defendant a new will to comply with the law and with the expectations of society and the Court.

The Court recommends a sentence of imprisonment for 20 (twenty) months followed by a supervised release term of 16 (sixteen) additional months on the same terms currently in effect. The § 3553 factors imported into § 3583(e) support and require the sentence. Although the Policy Statements are not binding, the Court carefully considered them as a factor in arriving at the appropriate sentence in this case, which is within the range of Chapter 7. Because Defendant took responsibility for the offenses, because Turner had no previous supervised release violations, and

because the trafficking was of limited scale, the Court does not give the full maximum of the Guideline range.

The Court does recommend that Defendant be evaluated for any additional drug treatment for which he may be a suitable candidate and that the BOP place Defendant at the appropriate facility closest to his home.

Defendant did preserve his right of allocution under Rule 32.1, and the District Judge should reserve final disposition pending a hearing at which Defendant may exercise said right.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED as follows:

1) That, following allocution, the Defendant's supervised release be REVOKED, and he be committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 20 (twenty) months; and

2) That the sentence of imprisonment **shall** be followed by a new term of supervised release of 16 (sixteen) months, on the same terms currently in effect and recorded in the District Court's Judgment, *see* DE# 22.

The Court also recommends that Defendant be evaluated by the BOP for further appropriate drug treatment and that Defendant be placed in the suitable facility closest to his home.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.

This the 3rd day of December, 2007.



Signed By:
Robert E. Wier
United States Magistrate Judge